UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Tonya Fochs,

       Plaintiff,

v.                                                              Civil No. 10-1950 (JNE/AJB)
                                                                ORDER
DJO, LLC, DJO Incorporated,
McKinley Medical, LLC, Moog, Inc.,
and Curlin Medical, Inc.,

       Defendants.

     This action is one of many product-liability actions involving pain pumps that have been filed in the District of Minnesota presumably to take advantage of Minnesota's generous statute of limitations despite having no discernable connection to Minnesota. *See Fleeger v. Wyeth*, 771 N.W.2d 524, 525 (Minn. 2009) (in cases properly commenced in Minnesota, Minnesota's statute of limitations applies to personal-injury claims arising before August 1, 2004). Plaintiff Tonya Fochs is a citizen of Oregon. DJO, LLC, and DJO Incorporated are Delaware corporations with their principal places of business in California. McKinley Medical, LLC, is a Colorado corporation with its principal place of business in Colorado. Moog, Inc., is a New York corporation with its principal place of business in New York. Curlin Medical, Inc., is a Delaware corporation with its principal place of business in California.

     Plaintiff had shoulder surgery in Oregon in March 2004. She now sues for damages she allegedly sustained from a pain pump that continuously injected "marcaine with epinephrine" into her shoulder joint following the surgery. Because of this action's apparent lack of connection to Minnesota, the Court ordered the parties to brief the propriety of transfer under 28 U.S.C. § 1404(a) (2006). Plaintiff opposes transfer. Defendants maintain that transfer to the United States District Court for the District of Oregon is warranted.

1

Other judges in the District of Minnesota have determined that transfer is warranted in cases presenting issues identical to those in this case. *See, e.g.*, *Smith v. Stryker Corp.*, Civ. No. 10-710, 2010 U.S. Dist. LEXIS 75046 (D. Minn. July 26, 2010); *Kunz v. DJO, LLC*, Civ. No. 10-712, 2010 U.S. Dist. LEXIS 75050 (D. Minn. July 26, 2010). The Court agrees with the reasoning and conclusion of those cases. Consequently, for the convenience to the parties and witnesses and in the interests of justice, the Court transfers this action to the District of Oregon.[1]

Therefore, IT IS ORDERED THAT:

1.     This action is transferred to the United States District Court for the District of Oregon for further proceedings.

2.     The Clerk of Court is directed to effect the transfer.

Dated:  August 11, 2010

s/  Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge

---

[1]     Because Plaintiff filed suit in Minnesota, the Minnesota statute of limitations will continue to govern this action in the transferee court as long as Plaintiff is entitled to the benefit of the statute of limitations under Minnesota's choice-of-law rules. *See Ferens v. John Deere Co.*, 494 U.S. 516, 523 (1990) (holding a § 1404(a) transfer does not change the law applicable in a diversity case).